**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

GEORGE FARRINGTON CHINN, a/k/a

Ellis C. Farrington, a/k/a Ellis
Charles Farrington, a/k/a James
Spuille, Jr.,
Defendant-Appellant.

No. 95-5762

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-94-227)

Submitted: February 13, 1996

Decided: March 11, 1996

Before HALL and MURNAGHAN, Circuit Judges, and
CHAPMAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David S. Bracken, GREENBERG, BRACKEN & TRAN, Alexandria,
Virginia, for Appellant. Helen F. Fahey, United States Attorney,
Mark D. Rubino, Special Assistant United States Attorney, Alexan-
dria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

After a jury trial on predominately stipulated facts, George Farrington Chinn was convicted of ten counts of making false statements to a licensed firearms dealer in violation of 18 U.S.C.A. § 924(a)(1)(A) (West Supp. 1995). Chinn timely appeals his convictions, contending that the district court erred in refusing to admit his proffered evidence tendered to establish a justification defense. We affirm the judgment of the district court.

In 1990 and 1991, Chinn purchased ten firearms from a federally licensed firearms dealer. On each occasion, Chinn filled out firearm transaction forms using false names, addresses and social security numbers.

At trial, Chinn attempted to introduce evidence establishing his justification for making the false statements. The Government objected. At a bench conference, Chinn's counsel proffered that Chinn would testify that he had been shot in a robbery attempt in 1988 that had left more than one person dead and that, as a witness to the murders, Chinn believed he needed protection. The court sustained the Government's objection.

Chinn contends that the district court committed reversible error when it sustained the Government's objection, which in effect precluded him from presenting any evidence supporting a justification defense based on his proffered evidence. We disagree.

In United States v. Crittendon, 883 F.2d 326 (4th Cir. 1989), we applied a four-part test for determining whether a defendant is entitled to a justification defense. Under Crittendon, a defendant is not entitled to the defense of justification unless: (1) the defendant was under unlawful and present threat of death or serious bodily injury; (2) the

2

defendant did not recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) the defendant had no reasonable legal alternative (to both the criminal act and the avoidance of the threatened harm); and (4) there was a direct causal relationship between the criminal action and the avoidance of the threatened harm. Id. at 330.

Applying this test, we conclude that the district court correctly excluded the proffered evidence because it is unquestionably clear that Chinn failed to satisfy the first prong of Crittendon. The fear Chinn felt regarding bodily harm was generalized at best, and he was under no imminent threat of violence. Three years had passed since he witnessed the murders, and he did not allege that he suffered any close calls or received any death threats in the intervening period. These facts are insufficient to satisfy the initial element of the Crittendon test. See also United States v. Perrin, 45 F.3d 869, 875 (4th Cir. 1995) (defendant, whose enemy was looking for him with a shotgun one week prior to defendant's arrest on handgun charges, possessed only "generalized" fear, which was not sufficient for justification defense), cert. denied, ___ U.S.__, 63 U.S.L.W. 3860 (U.S. June 5, 1995) (No. 94-9144). Therefore, the district court properly sustained the Government's objection.

We affirm Chinn's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3